UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PHILIP M. WASSER,

                Plaintiff,

-against-

SGT. BATTISTA, Wadsworth Army Base,

                Defendant.
----------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12 CV 2120 (RRM)

**MAUSKOPF, United States District Judge:**

On April 30, 2012, plaintiff Philip M. Wasser, appearing *pro se*, filed this action against defendant Battista. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order and dismisses the complaint for the reason set forth below.

## BACKGROUND

On July 8, 2008, plaintiff sued Sergeant Battista and the Fort Wadsworth Army Base Park on Staten Island alleging that on April 9, 2008, defendant Battista illegally stopped his vehicle and used excessive force. *Wasser v. Battista, et al.*, No. 08 CV 2839 (RJD)(LB). By Memorandum and Order dated August 27, 2009, the Court granted defendants' motion for summary judgment finding, *inter alia*, that defendant Battista was entitled to qualified immunity on the excessive force claim and that probable cause existed for plaintiff's arrest. *Wasser v. Battista*, No. 08 CV 2839 (RJD)(LB), 2009 WL 2753184 (E.D.N.Y. Aug. 27, 2009). On August 23, 2011, the United States Court of Appeals dismissed plaintiff's appeal finding that it lacked "an arguable basis in law or fact." *Wasser v. Battista, et al.*, No. 11-947-cv (2d Cir. Aug. 23, 2011). Plaintiff now files the instant action acknowledging that it is based on the same claims as in the prior case that was dismissed. *See* Compl. at ECF p. 3 ("Now I am suing for $100 million my case number was 1:08-CV-02839-RJD-LB. Now I will reopen a new case against our government.").

## STANDARD OF REVIEW

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, the Court may dismiss a complaint "at any time" if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

Plaintiff seeks to relitigate his prior case. Specifically, plaintiff alleges that "USA Park Police pulled a gun at me 3 times and I have court document that Sgt. Battista et al admit that he did pulled a gun at me . . . and he did hit me on my legs for no reason at all," Compl. at ECF p. 3. In the prior case filed under docket number 08 CV 2839, plaintiff's allegations arise from his April 9, 2008 arrest for reckless driving on Staten Island. In the prior case, plaintiff claimed false arrest and excessive force by Sgt. Battista. As set forth above, the Court dismissed the complaint upon defendants' motion for summary judgment by Order dated August 27, 2009.

Under the doctrine of *res judicata*, or claim preclusion, "[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-91 (2d Cir. 2000) ("Plaintiffs'

2

assertion of new incidents arising from the application of the challenged policy is also insufficient to bar the application of *res judicata*."). Once a final judgment has been entered on the merits of the case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transactions out of which the first action arose. *Channer v. Department of Homeland Security*, 527 F.3d 275, 280 (2d Cir. 2008).

The doctrine of *res judicata* mandates the *sua sponte* dismissal of the instant action. *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*per curiam*); *see also Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998). Plaintiff, having lost in his prior case, seeks to litigate the same claims against defendant Battista that were raised in the first action filed in 2008. Therefore, plaintiff's attempt to relitigate claims that were already decided by this Court or could have been raised in the previous action is barred by the doctrine of *res judicata*.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed based on the doctrine of *res judicata*. 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff *pro se* and indicate the mailing on the electronic docket.

SO ORDERED.

Dated: May 4, 2012
Brooklyn, New York

ROSLYNN R. MAUSKOPF
United States District Judge